UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DAMON NATHANIEL,**

    Plaintiff,

vs.

United States District Court
Case No. 2:09-cv-12473
Hon. Patrick J. Duggan

**CITY OF DETROIT,** a municipal corporation,
**DETROIT POLICE OFFICER BARBARA SIMON,**
Officially and Individually,
**DETROIT POLICE DETECTIVE IRA TODD,**
Officially and Individually,
**DETROIT POLICE LIEUTENANT HAROLD ROCHON,**
Officially and Individually,

    Defendants.

---

**DAVID A. ROBINSON (P38754)**
**THEOPHILUS E. CLEMONS (P47991)**
**Robinson and Associates, P.C.**
Attorneys for Plaintiff
28145 Greenfield Road, Suite 100
Southfield, MI 48076
(248) 423-7234

darjd@earthlink.net
attyclemons@netscape.com

**JANE KENT MILLS (P38251)**
**City of Detroit Law Department**
Attorney for Defendants
660 Woodward Avenue, Suite 1650
Detroit, MI 48226
(313) 237-5060

millj@detroitmi.gov

---

## DEFENDANT BARBARA SIMON'S ANSWER TO COMPLAINT

NOW COMES Defendant Barbara Simon only, and for her Answer to the Complaint states as follows:

### INTRODUCTORY AND JURISDICTIONAL STATEMENTS

1. No answer is necessary as to Plaintiff's statements of the claim.

2. Defendant objects to the allegation on the grounds that it constitutes a legal conclusion. Notwithstanding the objection, Defendant denies the allegation as untrue.

3. Defendant objects to the allegation on the grounds that it constitutes a legal conclusion. Notwithstanding the objection, Defendant denies the allegation as untrue.

4. Defendant neither admits nor denies the allegation being without sufficient knowledge or information to affirm or deny the truth thereof. Defendant leaves Plaintiff to his proofs.

5. Defendant objects to the allegation on the grounds that it constitutes a legal conclusion. Notwithstanding the objection, Defendant admits the allegation regarding her employment by the City of Detroit. Defendant neither admits nor denies the remainder of the allegation being without sufficient knowledge or information to affirm or deny the truth thereof. Defendant leaves Plaintiff to his proofs.

6. No answer is necessary as the individual Defendant has not yet been served with a Summons and Complaint. Notwithstanding that fact, Defendant objects to the allegation on the grounds that it constitutes a legal conclusion. Notwithstanding the objection, Defendant neither admits nor denies the allegation being without sufficient knowledge or information to affirm or deny the truth thereof. Defendant leaves Plaintiff to his proofs.

7. Defendant objects to the allegation on the grounds that it constitutes a legal conclusion. Notwithstanding the objection, Defendant neither admits nor denies the allegation being without sufficient knowledge or information to affirm or deny the truth thereof. Defendant leaves Plaintiff to his proofs.

8. Defendant admits the allegation.

9. Defendant neither admits nor denies the allegation being without sufficient knowledge

or information to affirm or deny the truth thereof.  Defendant leaves Plaintiff to his proofs.

10. Defendant denies the allegation as untrue.

**WHEREFORE,** Defendant respectfully requests a judgment for no cause for action.

## FACTUAL ALLEGATIONS

11. Defendant re-alleges and re-incorporates its responses to Paragraphs 1 through 10 as though fully set forth herein.

12. Defendant neither admits nor denies the allegation being without sufficient knowledge or information to affirm or deny the truth thereof.  Defendant leaves Plaintiff to his proofs.

13. Defendant neither admits nor denies the allegation being without sufficient knowledge or information to affirm or deny the truth thereof.  Defendant leaves Plaintiff to his proofs.

14. Defendant neither admits nor denies the allegation being without sufficient knowledge or information to affirm or deny the truth thereof.  Defendant leaves Plaintiff to his proofs.

15. Defendant neither admits nor denies the allegation being without sufficient knowledge or information to affirm or deny the truth thereof.  Defendant leaves Plaintiff to his proofs.

16. Defendant neither admits nor denies the allegation being without sufficient knowledge or information to affirm or deny the truth thereof.  Defendant leaves Plaintiff to his proofs.

17. Defendant neither admits nor denies the allegation being without sufficient knowledge or information to affirm or deny the truth thereof.  Defendant leaves Plaintiff to his proofs.

18. Defendant objects to the allegation on the grounds that it constitutes a legal conclusion.  Notwithstanding the objection, Defendant neither admits nor denies the allegation being without sufficient knowledge or information to affirm or deny the truth thereof.  Defendant leaves Plaintiff to his proofs.

19. Defendant objects to the allegation on the grounds that it constitutes a legal

conclusion.  Notwithstanding the objection, Defendant denies the allegation as untrue.

20. Defendant neither admits nor denies the allegation being without sufficient knowledge or information to affirm or deny the truth thereof.  Defendant leaves Plaintiff to his proofs.

21. Defendant neither admits nor denies the allegation being without sufficient knowledge or information to affirm or deny the truth thereof.  Defendant leaves Plaintiff to his proofs.

22. Defendant neither admits nor denies the allegation being without sufficient knowledge or information to affirm or deny the truth thereof.  Defendant leaves Plaintiff to his proofs.

23. Defendant neither admits nor denies the allegation being without sufficient knowledge or information to affirm or deny the truth thereof.  Defendant leaves Plaintiff to his proofs.

24. Defendant neither admits nor denies the allegation being without sufficient knowledge or information to affirm or deny the truth thereof.  Defendant leaves Plaintiff to his proofs.

25. Defendant neither admits nor denies the allegation being without sufficient knowledge or information to affirm or deny the truth thereof.  Defendant leaves Plaintiff to his proofs.

26. Defendant neither admits nor denies the allegation being without sufficient knowledge or information to affirm or deny the truth thereof.  Defendant leaves Plaintiff to his proofs.

27. Defendant objects to the allegation on the grounds that it constitutes a legal conclusion. Notwithstanding the objection, Defendant denies the allegation as untrue.

28. Defendant objects to the allegation on the grounds that it constitutes a legal conclusion. Notwithstanding the objection, Defendant denies the allegation as untrue.

29. Defendant objects to the allegation on the grounds that it constitutes a legal conclusion. Notwithstanding the objection, Defendant denies the allegation as untrue.

30. Defendant objects to the allegation on the grounds that Plaintiff has failed to state a claim upon which relief may be granted.   Notwithstanding the objection, Defendant denies the

allegation as untrue.

31. Defendant objects to the allegation on the grounds that it constitutes a legal conclusion. Notwithstanding the objection, Defendant denies the allegation as untrue.

32. Defendant objects to the allegation on the grounds that it constitutes a legal conclusion. Notwithstanding the objection, Defendant denies the allegation as untrue.

33. Defendant objects to the allegation on the grounds that Plaintiff has failed to state a claim upon which relief may be granted. Notwithstanding the objection, Defendant denies the allegation as untrue.

34. Defendant denies the allegation as untrue.

35. Defendant denies the allegation as untrue.

36. Defendant objects to the allegation on the grounds that it constitutes a legal conclusion. Notwithstanding the objection, Defendant denies the allegation as untrue.

37. Defendant objects to the allegation on the grounds that it constitutes a legal conclusion. Notwithstanding the objection, Defendant denies the allegation as untrue.

38. Defendant objects to the allegation on the grounds that it constitutes a legal conclusion. Notwithstanding the objection, Defendant denies the allegation as untrue.

39. Defendant neither admits nor denies the allegation being without sufficient knowledge or information to affirm or deny the truth thereof. Defendant leaves Plaintiff to his proofs.

40. Defendant objects to the allegation on the grounds that it constitutes a legal conclusion. Notwithstanding the objection, Defendant denies the allegation as untrue.

41. Defendant neither admits nor denies the allegation being without sufficient knowledge or information to affirm or deny the truth thereof. Defendant leaves Plaintiff to his proofs.

**WHEREFORE,** Defendant respectfully requests a judgment for no cause for action.

## COUNT I: 42 USC 1983 AGAINST THE INDIVIDUAL DEFENDANTS

42. Defendant re-alleges and re-incorporates its responses to Paragraphs 1 through 41 as though fully set forth herein.

43. Defendant objects to the allegation on the grounds that it constitutes a legal conclusion. Notwithstanding the objection, Defendant denies the allegation as untrue.

44. Defendant objects to the allegation on the grounds that it constitutes a legal conclusion. Notwithstanding the objection, Defendant denies the allegation as untrue.

45. Defendant objects to the allegation on the grounds that it constitutes a legal conclusion. Notwithstanding the objection, Defendant denies the allegation as untrue.

**WHEREFORE,** Defendant respectfully requests a judgment for no cause for action.

## COUNT II: 42 USC 1983 AGAINST THE CITY OF DETROIT

46. Defendant re-alleges and re-incorporates its responses to Paragraphs 1 through 45 as though fully set forth herein.

47. Defendant objects to the allegation on the grounds that it constitutes a legal conclusion. Notwithstanding the objection, Defendant neither admits nor denies the allegation being without sufficient knowledge or information to affirm or deny the truth thereof. Defendant leaves Plaintiff to his proofs.

48. Defendant objects to the allegation on the grounds that it constitutes a legal conclusion. Notwithstanding the objection, Defendant denies the allegation as untrue.

49. Defendant objects to the allegation on the grounds that it constitutes a legal conclusion. Notwithstanding the objection, Defendant denies the allegation as untrue.

50. Defendant objects to the allegation on the grounds that it constitutes a legal conclusion. Notwithstanding the objection, Defendant denies the allegation as untrue.

51. Defendant objects to the allegation on the grounds that it constitutes a legal conclusion. Notwithstanding the objection, Defendant denies the allegation as untrue.

52. Defendant objects to the allegation on the grounds that it constitutes a legal conclusion. Notwithstanding the objection, Defendant denies the allegation as untrue.

53. Defendant objects to the allegation on the grounds that it constitutes a legal conclusion. Notwithstanding the objection, Defendant denies the allegation as untrue.

54. Defendant objects to the allegation on the grounds that it constitutes a legal conclusion. Notwithstanding the objection, Defendant denies the allegation as untrue.

55. Defendant objects to the allegation on the grounds that it constitutes a legal conclusion. Notwithstanding the objection, Defendant denies the allegation as untrue.

56. Defendant objects to the allegation on the grounds that it constitutes a legal conclusion. Notwithstanding the objection, Defendant denies the allegation as untrue.

57. Defendant objects to the allegation on the grounds that it constitutes a legal conclusion. Notwithstanding the objection, Defendant denies the allegation as untrue.

**WHEREFORE,** Defendant respectfully requests a judgment for no cause for action.

### COUNT III: SUPERVISORY LIABILITY AGAINST HAROLD ROCHON, BARBARA SIMON AND IRA TODD

58. Defendant re-alleges and re-incorporates its responses to Paragraphs 1 through 57 as though fully set forth herein.

59. Defendant objects to the allegation on the grounds that it constitutes a legal conclusion. Notwithstanding the objection, Defendant denies the allegation as untrue.

60. Defendant objects to the allegation on the grounds that it constitutes a legal conclusion. Notwithstanding the objection, Defendant denies the allegation as untrue.

61. Defendant objects to the allegation on the grounds that it constitutes a legal conclusion. Notwithstanding the objection, Defendant denies the allegation as untrue.

**WHEREFORE,** Defendant respectfully requests a judgment for no cause for action.

### COUNT IV: VIOLATION OF 42 U.S.C. 1985 (3): CONSPIRACY TO VIOLATE THE CIVIL RIGHTS OF DAMON NATHANIEL

62. Defendant re-alleges and re-incorporates its responses to Paragraphs 1 through 61 as though fully set forth herein.

63. Defendant objects to the allegation on the grounds that it constitutes a legal conclusion. Notwithstanding the objection, Defendant denies the allegation as untrue.

64. Defendant objects to the allegation on the grounds that it constitutes a legal conclusion. Notwithstanding the objection, Defendant denies the allegation as untrue.

65. Defendant objects to the allegation on the grounds that it constitutes a legal conclusion. Notwithstanding the objection, Defendant denies the allegation as untrue.

66. Defendant objects to the allegation on the grounds that it constitutes a legal conclusion. Notwithstanding the objection, Defendant denies the allegation as untrue.

**WHEREFORE,** Defendant respectfully requests a judgment for no cause for action.

### COUNT V: MALICIOUS PROSECTION UNDER 42 USC 1983

67. Defendant re-alleges and re-incorporates its responses to Paragraphs 1 through 66 as though fully set forth herein.

68. Defendant objects to the allegation on the grounds that it constitutes a legal conclusion. Notwithstanding the objection, Defendant denies the allegation as untrue.

69. Defendant objects to the allegation on the grounds that it constitutes a legal conclusion. Notwithstanding the objection, Defendant denies the allegation as untrue.

70. Defendant objects to the allegation on the grounds that it constitutes a legal conclusion. Notwithstanding the objection, Defendant denies the allegation as untrue.

**WHEREFORE,** Defendant respectfully requests a judgment for no cause for action.

### COUNT VI: ASSAULT AND BATTERY

71. Defendant re-alleges and re-incorporates its responses to Paragraphs 1 through 70 as though fully set forth herein.

72. Defendant objects to the allegation on the grounds that it constitutes a legal conclusion. Notwithstanding the objection, Defendant denies the allegation as untrue.

73. Defendant objects to the allegation on the grounds that it constitutes a legal conclusion. Notwithstanding the objection, Defendant denies the allegation as untrue.

74. Defendant objects to the allegation on the grounds that it constitutes a legal conclusion. Notwithstanding the objection, Defendant denies the allegation as untrue.

**WHEREFORE,** Defendant respectfully requests a judgment for no cause for action.

### COUNT VII: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

75. Defendant re-alleges and re-incorporates its responses to Paragraphs 1 through 74 as though fully set forth herein.

76. Defendant objects to the allegation on the grounds that it constitutes a legal conclusion. Notwithstanding the objection, Defendant denies the allegation as untrue.

77. Defendant objects to the allegation on the grounds that it constitutes a legal conclusion. Notwithstanding the objection, Defendant denies the allegation as untrue.

78. Defendant objects to the allegation on the grounds that it constitutes a legal conclusion. Notwithstanding the objection, Defendant denies the allegation as untrue.

79. Defendant objects to the allegation on the grounds that it constitutes a legal

conclusion. Notwithstanding the objection, Defendant denies the allegation as untrue.

80. Defendant objects to the allegation on the grounds that it constitutes a legal conclusion. Notwithstanding the objection, Defendant denies the allegation as untrue.

**WHEREFORE,** Defendant respectfully requests a judgment for no cause for action.

### COUNT VIII: FALSE ARREST AND IMPRISONMENT

81. Defendant re-alleges and re-incorporates its responses to Paragraphs 1 through 80 as though fully set forth herein.

82. Defendant objects to the allegation on the grounds that it constitutes a legal conclusion. Notwithstanding the objection, Defendant denies the allegation as untrue.

83. Defendant objects to the allegation on the grounds that it constitutes a legal conclusion. Notwithstanding the objection, Defendant denies the allegation as untrue.

84. Defendant objects to the allegation on the grounds that it constitutes a legal conclusion. Notwithstanding the objection, Defendant denies the allegation as untrue.

85. Defendant objects to the allegation on the grounds that it constitutes a legal conclusion. Notwithstanding the objection, Defendant denies the allegation as untrue.

86. Defendant objects to the allegation on the grounds that it constitutes a legal conclusion. Notwithstanding the objection, Defendant denies the allegation as untrue.

**WHEREFORE,** Defendant respectfully requests a judgment for no cause for action.

### COUNT IX: GROSS NEGLIGENCE

87. Defendant re-alleges and re-incorporates its responses to Paragraphs 1 through 86 as though fully set forth herein.

88. Defendant objects to the allegation on the grounds that it constitutes a legal conclusion. Notwithstanding the objection, Defendant denies the allegation as untrue.

89. Defendant objects to the allegation on the grounds that it constitutes a legal conclusion. Notwithstanding the objection, Defendant denies the allegation as untrue.

90. Defendant objects to the allegation on the grounds that it constitutes a legal conclusion. Notwithstanding the objection, Defendant denies the allegation as untrue.

91. Defendant objects to the allegation on the grounds that it constitutes a legal conclusion. Notwithstanding the objection, Defendant denies the allegation as untrue.

**WHEREFORE,** Defendant respectfully requests a judgment for no cause for action.

### COUNT X: MALICIOUS PROSECUTION

92. Defendant re-alleges and re-incorporates its responses to Paragraphs 1 through 91 as though fully set forth herein.

93. Defendant objects to the allegation on the grounds that it constitutes a legal conclusion. Notwithstanding the objection, Defendant neither admits nor denies the allegation being without sufficient knowledge or information to affirm or deny the truth thereof. Defendant leaves Plaintiff to his proofs.

94. Defendant objects to the allegation on the grounds that it constitutes a legal conclusion. Notwithstanding the objection, Defendant denies the allegation as untrue.

95. Defendant objects to the allegation on the grounds that it constitutes a legal conclusion. Notwithstanding the objection, Defendant denies the allegation as untrue.

**WHEREFORE,** Defendant respectfully requests a judgment for no cause for action.

### DAMAGES

96. Defendant re-alleges and re-incorporates its responses to Paragraphs 1 through 95 as though fully set forth herein.

97. Defendant objects to the allegation on the grounds that it constitutes a legal

conclusion. Notwithstanding the objection, Defendant denies the allegation as untrue.

WHEREFORE, Defendant respectfully requests a judgment for no cause for action.

Respectfully submitted,

S/ Jane Kent Mills
**JANE KENT MILLS (P-38251)**
CITY OF DETROIT LAW DEPARTMENT
Attorney for Defendant
660 Woodward, Suite 1650
Detroit, MI 48226
(313) 237-5060

Dated: July 15, 2009                Millj@law.ci.detroit.mi.us


**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**DAMON NATHANIEL,**

    Plaintiff,

                          United States District Court
                          Case No. 2:09-cv-12473
vs.                            Hon. Patrick J. Duggan

**CITY OF DETROIT,** a municipal corporation,
**DETROIT POLICE OFFICER BARBARA SIMON,**
Officially and Individually,
**DETROIT POLICE DETECTIVE IRA TODD,**
Officially and Individually,
**DETROIT POLICE LIEUTENANT HAROLD ROCHON,**
Officially and Individually,

    Defendants.

___

| | |
|---|---|
| **DAVID A. ROBINSON (P38754)** | **JANE KENT MILLS (P38251)** |
| **THEOPHILUS E. CLEMONS (P47991)** | **City of Detroit Law Department** |
| **Robinson and Associates, P.C.** | Attorney for Defendants |
| Attorneys for Plaintiff | 660 Woodward Avenue, Suite 1650 |
| 28145 Greenfield Road, Suite 100 | Detroit, MI 48226 |
| Southfield, MI 48076 | (313) 237-5060 |

(248) 423-7234                                              millj@detroitmi.gov

darjd@earthlink.net
attyclemons@netscape.com

### **DEFENDANT BARBARA SIMON'S AFFIRMATIVE DEFENSES**

1. Plaintiff's claims are barred the applicable statute of limitations.

2. This court lacks jurisdiction over the subject matter of the action.

3. Plaintiff's claim is barred by the doctrine of res judicata and/or collateral estoppel.

4. Plaintiff lacks standing to bring the instant claim.

5. Plaintiff's state remedies are adequate.

6. Plaintiff has failed to exhaust his administrative and/or state remedies.

7. Plaintiff has failed to state a claim upon which relief may be granted.

8. Defendant's alleged actions do not constitute a government policy or custom.

9. Defendant claims the rights, privileges, and immunities of 42 USC §1983.

10. Defendant claims the rights, privileges, and immunities of the 11th Amendment to the United States Constitution.

11. Individually named Defendant is immune from liability in the instant case.

12. Plaintiff's complaint is not ripe.

13. Plaintiff's claim is barred by the doctrine of governmental immunity.

14. Plaintiff's claim is barred by the equitable doctrines of laches, waiver, and estoppel.

K:\DOCS\LIT\millj\a37000\capt_blk\JR4947.WPD

15. Plaintiff was not deprived of any right, privilege or immunity secured to it under the United States Constitution, the Michigan Constitution or the laws of the United States or the State of Michigan.

16. Defendant is immune from tort liability under Michigan Law.

17. Defendant did not have the requisite intent.

18. There was no agreement between the parties to deprive Plaintiff of any protected right.

19. There was no overt act by any of the Defendants or other person.

20. There was no actual injury to Plaintiff or any deprivation or right.

21. No criminal proceeding was initiated or continued by this Defendant.

22. If there was any criminal proceeding, it did not terminate in favor of the plaintiff.

23. The arrest and subsequent proceedings were supported by probable cause.\

24. Defendant did not act with malice or other improper purpose.

25. Any injury suffered by the Plaintiff was proximately caused by his own conduct that was seriously wrongful and unlawful. Recovery is therefore barred by the wrongful-conduct rule.

26. This Defendant is immune from tort liability under Michigan Law. MCL 691.1407.

27. Plaintiff did not sustain any special injury or damages.

28. Plaintiff was not placed in apprehension of imminent bodily contact.

29. Plaintiff was not damaged by defendant's conduct.

30. There was no physical contact between Plaintiff and Defendant.

31. Plaintiff consented to Defendant's actions.

32. This Defendant pleads the defense of comparative negligence in the event that negligence or other wrongdoing of the Plaintiff contributed to the alleged injuries.

33. To the extent, if any, that force was used upon Plaintiff by this Defendant, the use of force was privileged and lawful because the force was used in self-defense.

34. To the extent, if any, that force was used upon Plaintiff by this Defendant, the use of force was privileged and lawful because the force was reasonably used to effect a lawful arrest or to perform other lawful police duties.

35. The Plaintiff's damages, if any, may have been, in whole or in part, the proximate result of his own contributory or comparative negligence, gross negligence, recklessness or intentional misconduct.

36. Plaintiff's damages, if any, may have been caused in whole or in part, by the acts or omissions of parties other than Defendant.

37. Plaintiff failed to mitigate his damages.

38. Defendants' conduct was not extreme, outrageous, intentional or reckless.

39. Defendants' actions did not cause Plaintiff any emotional distress.

40. Plaintiff did not suffer any emotional distress or any severe emotional distress.

41. Plaintiff was not arrested.

42. If arrested, Plaintiff's arrest was supported by probable cause.

43. Plaintiff's arrest was pursuant to a valid warrant.

44. Plaintiff's arrest was supported by the officer's good faith.

45. Defendants' conduct was not grossly negligent in that it was not so reckless as to demonstrate a substantial lack of concern for whether an injury resulted.

46. Plaintiff's exemplary damages claim is duplicative of his other claims for relief.

47. Defendant's conduct was insufficient to justify an exemplary damage award.

48. Plaintiff's exemplary damage claim seeks to punish defendants for their conduct rather than compensate the plaintiff, in a manner prohibited by law.

49. Defendant claims the rights, privileges, and immunities of MCL Section 780.581 et seq.

50. Plaintiff's claims are inconsistent with one another.

51. Defendant reserves the right to plead such additional defenses as may become known through research, investigation, discovery or otherwise.

WHEREFORE, Defendants respectfully requests dismissal of the Plaintiff's claims or a judgment of No Cause of action on those claims, as well as an award of attorney fees and costs against the Plaintiff.

Respectfully submitted,

S/ Jane Kent Mills
**JANE KENT MILLS (P-38251)**
CITY OF DETROIT LAW DEPARTMENT
Attorney for Defendant
660 Woodward, Suite 1650
Detroit, MI 48226
(313) 237-5060
Millj@law.ci.detroit.mi.us

Dated: July 15, 2009

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DAMON NATHANIEL,**

    Plaintiff,

vs.

United States District Court
Case No. 2:09-cv-12473
Hon. Patrick J. Duggan

**CITY OF DETROIT,** a municipal corporation,
**DETROIT POLICE OFFICER BARBARA SIMON,**
Officially and Individually,
**DETROIT POLICE DETECTIVE IRA TODD,**
Officially and Individually,
**DETROIT POLICE LIEUTENANT HAROLD ROCHON,**
Officially and Individually,

    Defendants.

---

| | |
|---|---|
| **DAVID A. ROBINSON (P38754)**<br>**THEOPHILUS E. CLEMONS (P47991)**<br>**Robinson and Associates, P.C.**<br>Attorneys for Plaintiff<br>28145 Greenfield Road, Suite 100<br>Southfield, MI 48076<br>(248) 423-7234<br><br>darjd@earthlink.net<br>attyclemons@netscape.com | **JANE KENT MILLS (P38251)**<br>**City of Detroit Law Department**<br>Attorney for Defendants<br>660 Woodward Avenue, Suite 1650<br>Detroit, MI 48226<br>(313) 237-5060<br><br>millj@detroitmi.gov |

---

## RELIANCE UPON JURY DEMAND

    NOW COMES Defendant Barbara Simon, and hereby relies upon the jury demand filed by

Plaintiff in the above captioned matter.

|  |  |
|---|---|
| Dated: July 15, 2009 | /s/ Jane Kent Mills<br>**JANE KENT MILLS (P-38251)**<br>Attorney for Defendant City<br>CITY OF DETROIT LAW DEPARTMENT<br>660 Woodward, Suite 1650<br>Detroit, MI 48226<br>(313) 237-5060<br>Millj@law.ci.detroit.mi.us |

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2009 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

> **DAVID A. ROBINSON (P38754)**
> **THEOPHILUS E. CLEMONS (P47991)**
> **ROBINSON and ASSOCIATES, P.C.**
> Attorneys for Plaintiff
> 28145 Greenfield Road, Suite 100
> Southfield, MI 48076
> (248) 423-7234
> darjd@earthlink.net
> attyclemons@netscape.com

and hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s):

> None.

> /s/ Jane Kent Mills
> **JANE KENT MILLS (P-38251)**
> City of Detroit Law Department
> Attorney for Defendants
> 660 Woodward, Suite 1650
> Detroit, MI 48226
> (313) 237-5060
> MillJ@law.ci.detroit.mi.us