UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMON NATHANIEL,

        Plaintiff,

                              HON. PATRICK J. DUGGAN
                              CASE NO. 09-12473

v.

CITY OF DETROIT, a Municipal Corporation,
DETROIT POLICE OFFICER BARBARA SIMON,
Officially and Individually,
DETROIT POLICE DETECTIVE IRA TODD
Officially and Individually,
DETROIT POLICE LIEUTENANT HAROLD ROCHON
Officially and Individually,

        Defendants.
_____/

| ROBINSON & ASSOCIATES, P.C. | DETROIT LAW DEPARTMENT |
|---|---|
| DAVID A. ROBINSON (P 3874) | JANE KENT-MILLS (P 38251) |
| RACINE M. MILLER (P72612) | Attorney for Defendants Detroit, Simon |
| Attorneys for the Plaintiff | And Rochon |
| 28145 Greenfield Road, Ste. 100 | 660 Woodward Avenue, Ste. 1650 |
| Southfield, Michigan 48076 | Detroit, Michigan 48226 |
| (248) 423-7234 | (313) 224-4550 |
| attyrobinson@robinsonlaw.com | Millj@detroitmi.gov |

**PROPOSED JOINT PRE-TRIAL ORDER**

At a session of court held in the United States District Court in
Detroit, Michigan, on _____SEP 0 2 2010_____, 2010

Present:     Honorable _____ PATRICK DUGGAN

**U.S. District Court Judge**

NOW COMES Plaintiff and each Defendant and each submit to the Court the following

plan for trial in the above captioned matter.

1. **Jurisdiction**

Federal Court jurisdiction is based on the 4th and 14th Amendments to the United States Constitution and 42 USC 1983.

2. **Plaintiff's Claims**

Plaintiff's claims are brought under 42 USC 1983 against the Defendants for failure to discipline, allowing coerced confessions, failing to supervising and a Federal claim of Malicious prosecution and for state torts for Gross Negligence, Intentional Infliction of Emotional Distress, Assault and Battery, False Arrest and False Imprisonment and Malicious Prosecution.

This is a case involving the unlawful detention of plaintiff for a murder he did not commit. There were no eyewitnesses to, and no evidence that connected plaintiff to the crime. The Plaintiff was forced to confess through the abuses of the defendant homicide investigators.

On April 3, 2008, plaintiff, DAMON NATHANIEL was arrested on a misdemeanor traffic warrant. Unbeknownst to plaintiff, the defendants' sole purpose for arresting him was to "investigate" the murder of Michael Ray. This arrest was pursuant to a Detroit Police policy and/or custom that requires a person wanted for questioning by homicide investigators to be arrested on an unrelated charge, in this case a misdemeanor warrant for traffic, and held for questioning on a murder charge even though there was no probable cause for the murder.

During his interrogation, plaintiff denied any involvement in the murder of Michael Ray. While being in custody, he asked numerous times to use the telephone to call his family in an effort to obtain legal representation and/or bail. However, all of these request were ignored. Plaintiff also demanded to be released, however this too was denied.

The misdemeanor warrant the plaintiff was arrested on was a charge for which the plaintiff had a statutory right to bond out. The Interim Bond Statute, MCL 780.581 requires a person be given a bond for a misdemeanor. In this case the bond would have been $500.00. However, pursuant to the Detroit Police policy and/or custom the defendants refused to allow him to bond out even though his family tried to pay his nominal bond. It should be noted that plaintiff's family appeared at the Homicide section where plaintiff was being held and attempted to post bond for plaintiff. However, the defendants advised plaintiff's mother that they didn't know anything about plaintiff. In fact they purposefully sent plaintiff's mother to a precinct where they knew plaintiff was not at. All of which were stall tactics in order to interrogate the Plaintiff on the homicide.

Defendant Simon began her interrogation on the day of the arrest more than 9 hours after the arrest. This interrogation is recorded on DVD. In that interrogation Defendant Simon hollered at, threatened, taunted and cursed the plaintiff and lied to him that his blood, DNA and fingerprints were found on the murder weapon. Knowing the deceased was a homosexual man, Simon accused the Plaintiff of being homosexual. She viscously told him he should confess and if he didn't there would be nothing that she could do for him. Simon failed to extract a confession. She denied plaintiff his freedom, denied plaintiff access to a lawyer, and when Plaintiff attempted to leave the room he was maliciously beaten. Plaintiff maintained his innocence with Defendant Simon.

On the next day Plaintiff was approached for another interrogation by defendant Todd. Plaintiff specifically asked Defendant Todd for a lawyer, which Todd refused to honor. Todd apparently spoke to Simon before his interrogation. Todd befriended the plaintiff promising him that he should say Mr. Ray attempted to assault him and that he murdered Mr. Ray in self

defense. Todd assured the Plaintiff this would be the way for him to leave the jail the soonest. Plaintiff, believing there was no other alternative, gave a garbled confession. Plaintiff then spent the next nine months in the Wayne County jail.

Early in the case information which should have lead the defendants in the direction of another person strongly suspected as having committed the murder was conveyed to the defendants by Mr. Ray's family. The defendants ignored the following leads: (1) the fact that the deceased's cousin spoke several times to a man who identified himself as "D" while using the deceased's phone; (2) that he sent the cousin his photo which was given to the defendants; (3) that he admitted he was driving the type of car the deceased drove; (4) that he told the cousin where he worked. Plaintiff's criminal attorney brought this information to the defendants' attention but they deliberately indifferently ignored this critical evidence. Today, still, these leads have not been followed and the murder of Mr. Ray remains unsolved.

Unsatisfied with the case against his client, plaintiff's attorney filed a motion to suppress plaintiff's confession. On August 5, 2008, an Evidentiary hearing was held before the Honorable Timothy Kenny in the Wayne County Circuit Court. The hearing continued on August 22, 2008, wherein the court ruled there was *"insufficient evidence to establish probable cause for an arrest and that there was no legal justification for plaintiff to be held" (emphasis added)*..... the court further ruled that the plaintiff was "detained for the sole purpose of trying to extract a confession from him" **(See, People vs Nathaniel, Evidentiary hearing transcript line 3, page 13)**. Based upon the above, the case against plaintiff was dismissed.

While the motion was granted the defendant was not immediately released from custody. At least not until the results of the DNA sample was returned from analysis from the Michigan

State Police. Upon those results which determined the Plaintiff was excluded from being involved in the murder of Mr. Ray, he was finally released from jail.

### 3. Defendants' Claims

This lawsuit arises out of the murder of Michael Ray. Defendant Barbara Simon was the officer in charge of the underlying homicide investigation. Damon Nathaniel was arrested pursuant to an outstanding misdemeanor warrant. He was also wanted for questioning about the Ray murder. During his detention on the misdemeanor charge, Plaintiff was interrogated by Barbara Simon. He became violent and turned over the interrogation desk. The interrogation was suspended. Defendants Ira Todd and Harold Rochon were assigned to complete Plaintiff's interrogation. Plaintiff ultimately confessed the murder of Michael Ray.

The interrogation of Nathaniel was eventually suppressed on the grounds that it was conducted in violation of the Interim Bond Statute which required Plaintiff to be offered release on bond before the interrogation was completed. Plaintiff was released from custody after DNA testing suggested that persons other than Plaintiff were involved in Michael Ray's murder.

Defendants contend that Plaintiff was initially arrested pursuant to a valid arrest warrant. The confession was not coerced. It was suppressed because it was conducted too late. Defendants contend that at the time of Plaintiff's arrest for murder there was probable cause to charge him with the murder of Michael Ray based upon the facts and circumstances known to the Defendants.

### 4. Stipulated Facts

1. Honorable Judge Kenny in the 3rd Circuit dismissed the murder charges against the Plaintiff.

2. The blood type found at the scene did not match the Plaintiff.

3. Michael Ray was murdered on or about March 19, 2008.

**5. Issues of Fact To Be Litigated**

1. Whether the Plaintiff was arrested on a traffic warrant, only.

2. Whether any blood, DNA or fingerprints found at the scene tied Plaintiff to the crime.

3. Whether any Defendant followed up on the information on the other suspect which had been provided to them by the deceased's family members.

4. Whether Plaintiff's criminal defense lawyer provided his independent investigation to the Defendants regarding the person identified to the defendants by the deceased's family members as the suspect.

5. Whether the charges for murder were dismissed by Judge Kenny.

6. The basis on which Defendants initiated and continued the prosecution of Plaintiff.

7. Whether defendants swore to false facts to obtain a warrant against the Plaintiff.

8. The elements of gross negligence.

9. The elements of intentional infliction of emotional distress.

10. The elements of malicious prosecution state and federal.

11. The elements of false arrest/false imprisonment

12. The elements of assault and battery.

13. The elements for all claims brought under of 42 USC 1983 and for violations of the 4th and 14th Amendments to the Constitution..

14. Circumstances forming the basis of Plaintiffs' arrest.

15. Plaintiffs damages.

16. Whether Plaintiff's confession was coerced or was voluntary.

17. Whether Plaintiff's continued detention after suppression of the warrant was caused by these defendants or some other party.

18. Whether Plaintiff sustained any economic losses as a result of his arrest and incarceration.

19. Whether Plaintiff sustained any non economic losses as a result of his arrest and incarceration.

6. **Issues of Law To Be Litigated**

1. Whether Defendants violated Plaintiff's 4th and 14th Amendment rights.

2. Whether there was probable cause to arrest the Plaintiff for the murder of Mr. Ray.

3. Whether the defendants are collaterally estopped from challenging the finding of Judge Kenny that there was no probable cause for Plaintiff's arrest on murder and that he was wrongfully held.

4. Qualified immunity for Defendants

5. Whether Defendants were acting under color of state law in order to support a constitutional claim against them

6. Whether Defendants are entitled to governmental immunity

7. Whether Defendants actions were discretionary and not ministerial

8. Whether the suppression order is re judicata on the issue of probable cause

7. **Evidence Problems Likely To Arise At Trial**

1. Whether the Defendants may call any witnesses at trial as they did not file a witness list in this case pursuant to the Court's scheduling order

2. Whether the Defendants are precluded from defending on the Plaintiff's theory for Monell liability that it was the custom of the City of Detroit for failing to adequately investigate complaints against officers who were claimed to have performed unreasonable, inadequate and deficient investigations, illegal searches and seizures and interrogations; and/or unsupported prosecutions, or unreasonable, illegal searches and seizures for the reason the defendants have failed to comply with the Court's Order Granting Plaintiff's Motion to Compel. Discovery (Dkt.39)

3. Defendants will object to and file a motion in limine to exclude plaintiff's evidence presented by Dr. Shiener, Peters, Cushingberry and/or unspecified medical treaters of plaintiff, due to the failure of plaintiff's counsel to disclose his expert reports in accordance with the federal rules of civil procedure. Defendants will object to and file a motion in limine to exclude the personnel records for Ira Todd and unspecified Todd and Simon records on the grounds that the material is irrelevant, inadmissible, and more prejudicial than probative.

Plaintiff will file motions in limine to preclude defendants from defending on the Plaintiff's Monell liability claims and from calling any witnesses

**8. Witnesses**

A. <u>Plaintiffs will call</u>:

1. Damon Nathaniel

2. Annette Edwards

3. Randall Upshaw, Esq

4. Miguel Bruce

5. Karresha Stanciel

6. Dr. Gerald Shiener, Expert

7. John Peters, PhD, Expert

8. Allen Cushingberry, PsyD, Amir and Associates

9. Medical Treaters of Plaintiffs

B. <u>Plaintiffs may call</u>:

1. Defendant Barbara Simon

2. Defendant Ira Todd

3. Defendant Harold Rochon

4. P.O. Timothy McCabie

5. P.O. James Kean

6. Sgt Samuel Mackie

7. Inv Dale Collins

8. P.O. Latrelle McNairy

9. Sgt Kevin Hanus

10. P.O. Royce Hill

11. Dr. Scott Somerset Wayne County Medical Examiner's Office

12. MSP. Det Sgt. Green

13. Asst WCP Carole Murray

14. Honorable Timothy Kenny

15. Inv Dwight Pearson


C. <u>Defendants Will Call:</u>

Plaintiff objects to defendants calling any witnesses as they never filed any witness lists pursuant to the Court's orders

      1.     Plaintiff Damon Nathaniel

      2.     Defendant Barbara Simon,

      3.     Defendant Ira Todd

      4.     Defendant Harold Rochon

9. <u>Exhibits</u>

  A.    Plaintiffs Proposed Exhibits

      A.    Homicide file in the death of Michael Ray

      B.    Detroit Police Manual provisions

      C.    Arrest report for Damon Nathaniel

      D.    Mug Shot of Plaintiff

      E.    DVD interrogations of Plaintiff

      F.    Certified file from Wayne County Circuit Court Criminal Division in the prosecution of Damon Nathaniel

      G.    Certified file from Wayne County Prosecutor's office

      H.    Medical examiner's report in the death of Michael Ray

      I.    Personnel records for Ira Todd concerning discipline for making false statements in departmental investigation for illegal drug us

      J.    Order dismissing criminal charges against the Plaintiff

      K.    Medical records for Plaintiff

      L.    All scientific test results for prints, blood and DNA

      M.    Written statements of the Plaintiff

      N.    Memorandums from Carole Murray to Defendant Simon

      O.    Phone records from the deceased family member's phone

      P.      Picture of man from the deceased family member's phone that was provided to Defendant Simon

      Q.      All witness statements taken by homicide

      R.      Transcripts in the Plaintiff's lower court proceedings

      S.      Lower Court orders and pleadings

      T.      DPD Homicide Standard Operating Procedures

      U.      Any and all scene evidence from the homicide

      V.      Certified Court Records

      W.      Todd and Simon records

      AA.      DNA results of the Plaintiff

  A.    Defendants Proposed Exhibits

      1.      The Detroit Police Department Homicide File.

10.  <u>Damages</u>

All damages under Michigan state law and Federal law which include but are not limited to:

statutory damages
pain and suffering
exemplary damages
punitive damages
emotional damages
mental anguish
mental distress
anxiety
sleeplessness
depression
humiliation
outrage
indignity
loss of liberty and property
embarrassment

       shock
       trauma

11. <u>Trial</u>

    A.   Jury Trial.

    B.   5 days is the estimated length of trial.

12. <u>Settlement</u>

Counsel have conferred and are willing to enter into alternative dispute resolution

No case evaluation was held by the parties agreement. Plaintiff's have demanded $1,500,000.00.

13. <u>Filing Of Trial Briefs, Findings and Instructions</u>

Trial Briefs and Requests For Jury Instructions must be filed on the first day of trial.

14. <u>Juror Costs Attributable To Parties</u>

The parties acknowledge that the Court may assess juror expenses under LR 38.2.

s/David A. Robinson  
DAVID A. ROBINSON (P38754)  
Attorney for Plaintiff

JANE KENT-MILLS (P38251)  
Attorney for Defendants

DATED: August 31, 2010

IT IS SO ORDERED.

PATRICK J. DUGGAN  
U.S. District Court Judge