UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DAMON  NATHANIEL,**

        Plaintiff,                            HON. PATRICK J. DUGGAN
                                            Case NO. 09-12473

v.

**CITY OF DETROIT**, a Municipal Corporation,
**DETROIT POLICE OFFICER BARBARA SIMON,**
Officially and Individually, **DETROIT POLICE**
**DETECTIVE IRA TODD**  Officially and Individually,
**DETROIT POLICE LIEUTENANT HAROLD ROCHON**
Officially and Individually,

        Defendants.

---

| **ROBINSON AND ASSOCIATES, P.C.** | **CITY OF DETROIT LAW DEPARTMENT** |
|---|---|
| **David A. Robinson (P 38754)** | **Jane Kent Mills (P38251)** |
| **Racine M. Miller  (P 72612)** | **Marion Jenkins (P26257)** |
| Attorneys for Plaintiffs | Attorney for Defendants |
| 28145 Greenfield Road, Suite 100 | 660 Woodward Avenue |
| Southfield, Michigan 48076 | Suite 1650 First National Building |
| (248) 423-7234 | Detroit, Michigan 48226 |
| attyrobinson@davidrobinsonlaw.com | (313) 237-5060 |
| attymiller@davidrobinsonlaw.com | millj@law.ci.detroit.mi.us |

---

## PLAINTIFF'S MOTION FOR ADDITUR, OR IN THE ALTERNATIVE A NEW TRIAL

NOW COMES the Plaintiff, and pursuant to provisions of MCR 2.611, Fed Rule Civ

Proc 49 and 59 et seq, moves this Honorable Court for Additur or a New Trial, based upon the

following:

1.  The jury rendered a verdict concluding that Plaintiff suffered an injury, and that the

intentional conduct of Defendant Simon was the proximate cause; however, the jury did not

award any damages.

2.  In essence, the jury believed that Plaintiff was falsely imprisoned for over eight (8)

months but, against the great weight of evidence, failed to find that Plaintiff's 14th Amendment

right to due process of law was violated, and failed to award Plaintiff any damages.

1

3. For reasons set forth in Plaintiff's brief, Plaintiff seeks an additur and/or additional damages to the judgment in the amount found by this Honorable Court to be the lowest amount the evidence at trial would support pursuant to MCR 2.611(e).

4. In the alternative, Plaintiff seeks a new trial pursuant to MCR 2.611(a)(1)(c)(d), Fed Rule Civ Proc 49 and 59, because the jury verdict was grossly inadequate, against the great weight of evidence and appeared to have been influenced by prejudice and/or personal experience, was not in accordance with the proofs presented at trial, inconsistent with itself, and thereby resulting in a grossly inadequate damage award.

WHEREFORE, Plaintiff prays that this Honorable Court, pursuant to MCR 2.611(a)(1) declare that the jury verdict was inadequate and grant additur upon the condition that within fourteen (14) days, the Defendant consent in writing to the entry of a judgment in the amount found by this Honorable Trial Court to be the lowest amount the evidence could or would support. In the alternative, Plaintiff requests that this Honorable Court, pursuant to MCR 2.611(a)(1), and FRCP 49(b)(3)(C) and FRCP 49(b)(4)declare that the jury verdict was inadequate or inconsistent and grant a new trial.

Respectfully submitted,
ROBINSON & ASSOCIATES, P.C.
s/Racine M. Miller
Racine M. Miller  (P 72612)
Attorneys for Plaintiff
28145 Greenfield Rd., Ste. 100
Southfield, MI 48076
(248) 423-7234
attymiller@davidrobinsonlaw.com
(P 72612)

October 11, 2010

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**DAMON  NATHANIEL,**

            Plaintiff,                          HON. PATRICK J. DUGGAN
                                                    Case NO. 09-12473

v.

**CITY OF DETROIT**, a Municipal Corporation,
**DETROIT POLICE OFFICER BARBARA SIMON,**
Officially and Individually, **DETROIT POLICE**
**DETECTIVE IRA TODD** Officially and Individually,
**DETROIT POLICE LIEUTENANT HAROLD ROCHON**
Officially and Individually,

            Defendants.

---

| | |
|---|---|
| **ROBINSON AND ASSOCIATES, P.C.** | **CITY OF DETROIT LAW DEPARTMENT** |
| **David A. Robinson (P 38754)** | **Jane Kent Mills (P38251)** |
| **Racine M. Miller  (P 72612)** | **Marion Jenkins (P26257)** |
| Attorneys for Plaintiffs | Attorney for Defendants |
| 28145 Greenfield Road, Suite 100 | 660 Woodward Avenue |
| Southfield, Michigan 48076 | Suite 1650 First National Building |
| (248) 423-7234 | Detroit, Michigan 48226 |
| attyrobinson@davidrobinsonlaw.com | (313) 237-5060 |
| attymiller@davidrobinsonlaw.com | millj@law.ci.detroit.mi.us |

---

## BRIEF IN SUPPORT OF
## PLAINTIFF'S MOTION FOR ADDITUR, OR IN THE
## ALTERNATIVE A NEW TRIAL

**TABLE OF CONTENTS**

INDEX OF AUTHORITIES..................................................................................ii

STANDARD OF REVIEW ................................................................................iii

ISSUE PRESENTED:

WHERE THE JURY RENDERS A UNANIMOUS VERDICT OF NO DAMAGES TO A PLAINTIFF WHO HAS SUFFERED 8 MONTHS IMPRISONMENT, IS SUCH AN AWARD CLEARLY INADEQUATE AND AGAINST THE GREAT WEIGHT OF THE EVIDENCE PRESENTED WHEN THE JURY FINDS PLAINTIFF SUFFERED FALSE IMPRISONMENT FOR WHICH A DEFENDANT WAS LIABLE? ...........................................................iii

ARGUMENT ...............................................................................................1

ADDITUR..................................................................................................1

NEW TRIAL...............................................................................................4

A FINDING OF FALSE ARREST / FALSE IMPRISONMENT NECESSARILY REQUIRES A FINDING OF A CONSTITUTIONAL VIOLATION ...............................................5

JURY VERDICT FORM HAD NO PLACE FOR DAMAGES FOR THE STATE CLAIMS ..5

A FINDING OF LIABILITY ON FALSE IMPRISONMENT WITHOUT A FINDING OF ANY CONSTITUTIONAL VIOLATION AND WITHOUT ANY AWARD OF DAMAGES IS INCONSISTENT AND PLAINTIFF SHOULD BE GRANTED ADEQUATE ADDITUR, OR A NEW TRIAL ...............................................................................................7

CONCLUSION.............................................................................................8

## **INDEX OF AUTHORITIES**

### **Cases**

*Bracknell v Montgomery County Comm'n*
2007 US Dist LEXIS 23981 (MD Ala. March 29, 2007) ............................................ 5

*Hattaway v McMillian*, 903 F2d 1440 (11th Cir 1990) ............................................ iii

*Janice Beseler v Leroy Lacey*
docket number 223079 decided July 9, 2002 (2002 MichApp Lexis 1027)................... 1

*Joergr v Gordon Food, Inc,* 224 MichApp 167, 172 (1997) ........................................ 1

*Kerman v City of New York*, 374 F3d 93 (2d Cir NY 2004)......................................... 8

*Paeth v Worth Twp*, 2010 US Dist. LEXIS 88136 ( ED Mich Aug. 25, 2010) ............ 6

*Palenkas v Beaumont Hospital,* 432 Mich 527 (1989) ........................................... 1, 2

*Phillips v Deihm*, 213 MichApp 389 (1995).............................................................. 1

*Radvansky v City of Olmsted Falls*, 496 F3d 609 (6th Cir 2007) ................................ 6

*Robertson v Blue Water Oil Co*, 268 MichApp 588 (2005) ........................................ 1

*Devenpeck v Alford*, 543 US 146, 152, 125 SCt 588, 160 LEd 2d 537 (2004) ............. 5

*Setterington v Pontiac General Hospital*, 223 MichApp 594 (1997)............................ 1

*Stevens v Edward C Levy Co,* 376 Mich 1 (1965) ..................................................... 2

### **Court Rules**

MCR 2.611.......................................................................................................... 1, 2, 3
FRCP 49 .................................................................................................................. 4
FRCP 59.................................................................................................................. 4

**STANDARD OF REVIEW**

The issue of the sufficiency of damages awarded on a state claim is determined under

state law, federal law governs the decision of whether or not to grant a new trial.  *Hattaway v*

*McMillian*, 903 F2d 1440 (11th Cir 1990).

**ISSUE PRESENTED**

WHERE THE JURY RENDERS A UNANIMOUS VERDICT OF NO
DAMAGES TO A PLAINTIFF WHO HAS SUFFERED 8 MONTHS
IMPRISONMENT, IS SUCH AN AWARD CLEARLY INADEQUATE AND
AGAINST THE GREAT WEIGHT OF THE EVIDENCE PRESENTED WHEN
THE JURY FINDS PLAINTIFF SUFFERED FALSE IMPRISONMENT FOR
WHICH A DEFENDANT WAS LIABLE?

**ANSWER: YES**

**ARGUMENT**
**ADDITUR**

The grounds for granting additur are found in MCR 2.611(e)(1) which provides:

> If the court finds that the only error in the trial is the inadequacy or excessiveness of the verdict, it may deny a motion for new trial on condition that within 14 days the non-moving party consent in writing to the entry of judgment in an amount found by the court to be the lowest (if the verdict was inadequate) or the highest (if the verdict was excessive) amount the evidence will support.

The Court Rule requires that a non-moving party (Defendant in this case) consent in writing to the court's determination regarding additur or alternatively accept a new trial.

The Michigan Court of Appeals, in *Setterington v Pontiac General Hospital*, 223 MichApp 594 (1997) stated:

> The proper consideration when reviewing the grant or denial of additur is whether the jury award is supported by the evidence. The trial court's inquiry is limited to objective consideration regarding the evidence adduced and the conduct of the trial. *Palenkas v Beaumont Hospital*, 432 Mich 527 (1989); *Wilson v General Motors Corporation*, 183 MichApp, 21 (1990).

Additionally, the Court of Appeals in *Janice Beseler v Leroy Lacey*, docket number 223079 decided July 9, 2002 (2002 MichApp Lexis 1027) [**EXHIBIT 1**], concluded **that a trial court has discretion to grant or deny a motion for additur and the Court of Appeals will not disturb the trial court's decision unless there has been a palpable abuse of discretion**. *Id*; see also *Palenkas v Beaumont Hospital*, 432 Mich 527, 533 (1989); *Joergr v Gordon Food, Inc*, 224 MichApp 167, 172 (1997). The appellate court must defer to the trial court's superior ability to review the evidence and evaluate the credibility of the witnesses. *Phillips v Deihm*, 213 MichApp 389 (1995).

In *Robertson v Blue Water Oil Co*, 268 MichApp 588 (2005), the court found that a trial court erred in not granting the plaintiff's motion for additur because the award of economic damages was irrational and not supported by the evidence. One of the reasons for this was jury

confusion.  The trial court instructed the jury to consider the amount of reasonable and necessary

medical care and treatment and services, as well as loss of earning capacity.  However, the jury

awarded a verdict in a sum that closely resembled only lost wages and benefits, inclining that the

jury ignored the sum of medical expenses.  The verdict in that case was unsupported by the

evidence and the portion of the jury verdict relating to economic damages was remanded for a

new trial.  Here, while there were ample jury instructions concerning damages for section 1983

violations and damages available under Michigan law, in chambers, the space on the verdict

form for any damages award for any state claim was removed at this Court's request.

Alternatively, MCR 2.611(a)(c)(d) can allow a trial court to grant a new trial if the trial

court concludes that a verdict appears to have been influenced by passion or prejudice or simply

inadequate in relation to the trial proofs observed by the court.

In *Stevens v Edward C. Levy Co.,* 376 Mich 1 (1965), the Michigan Supreme Court

stated:

> In *Cleven v Griffin*, 298 Mich 139, this Court said: "There is no absolute standard
> by which we can measure the amount of damages in personal injury cases.  The
> amount allowed for pain and suffering must rest in the sound judgment of the triers
> of the facts.  *Watrous v Conor*, 266 Mich 397; *Weil v Longyear*, 263 Mich 22.
> Courts are reluctant to disturb verdicts of juries for personal injures on the ground
> that the amount is excessive.  *Cawood v Earl Paige & Co,* 239 Mich 485.  We do
> not usually substitute our judgment for that of the jury unless the verdict shocks
> the conscience or has been secured by an improper means, prejudice or sympathy."

The "shock the judicial conscience" test for determining the excessiveness of a verdict

was applied until the Michigan Supreme Court ruled in *Palenkas v Beaumont Hospital,* 432

Mich 527 (1989).  The majority in *Palenkas,* found the "shock the conscience" test to be

subjective and to be an inappropriate consideration since it merely involved the trial judge's

expression of his personal values and subjective beliefs and was in no way related to the actual

conduct of the trial.  Rather, the Supreme Court directed the focus of a trial court's determination

on whether or not a jury's verdict was excessive (or in this case inadequate) to an examination of

the actual objective trial record, stating:

> While we agree with the established case law that a trial court, in making a
> decision on remittitur, should examine a number of factors [such as whether the
> verdict was induced by bias or prejudice], we believe its inquiry should be limited
> to <u>objective</u> considerations relating to the actual conduct of the trial or to the
> evidence adduced. *Palenkas,* supra at 532.

The Supreme Court directed trial courts to analyze whether a verdict was the result of

improper methods, prejudice, passion, partiality, sympathy, corruption or mistake of law or fact,

or whether the verdict was outside the limits of what reasonable minds would deem just

compensation for the jury actually sustained.

Here, the jury found that the Plaintiff indeed was falsely imprisoned by Defendant

Barbara Simon.   Notwithstanding this finding, the jury did not find any Constitutional violation,

nor award any damages.   No party asked to poll the jurors, and only half of Plaintiff's legal team

was present at the time the jury returned. **This verdict award obviously is inconsistent with**

**the jury's finding of liability, and against the great weight of the evidence.  Furthermore, it**

**does not make sense for someone to be falsely imprisoned for more than eight (8) months**

**and have suffered no Constitutional violation or damages.**

MCR 2.611(a)(c)(d) can allow a trial court to grant a new trial if the trial court approves

that a verdict appears to have been influenced by passion or prejudice or simply inadequate in

relation to the trial proofs observed by the court.

This Honorable Court presided over a trial that lasted over a week, heard the testimony

from several live witnesses and was presented medical documents as evidence.  This Court is

knowledgeable in the fact that damages were disputed.  However, although the damages were

disputed, **the jury found that Plaintiff suffered false imprisonment – but found no**

**constitutional violation**, which mandates at least nominal damages.  The jury's verdict is completely at odds with the great weight of evidence and completely at odds with the facts, law, testimony, and other evidence.

## NEW TRIAL

Fed Rule Civ Proc 49 (b)(2) provides that when the general verdict and the answers are consistent, the court must approve, for entry under Rule 58, an appropriate judgment on the verdict and answers. Fed Rule Civ Proc 49(b)(3) further provides that when the answers are consistent with each other but one or more is inconsistent with the general verdict, the court may:

(A) approve, for entry under Rule 58, an appropriate judgment according to the answers, notwithstanding the general verdict;

(B) direct the jury to further consider its answers and verdict; or

(C) order a new trial.

Further, FRCP 49(b)(4) mandates a new trial in circumstances such as this, where:

...the answers are inconsistent with each other and one or more is also inconsistent with the general verdict, judgment must not be entered; instead, the court must direct the jury to further consider its answers and verdict, or must order a new trial.

Fed Rule Civ Proc 59(a)(1)(A) further provides that the court may, on motion, grant a new trial on all or some of the issues—and to any party—as follows:

(A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; or

* * *

(d) NEW TRIAL ON THE COURT'S INITIATIVE OR FOR REASONS NOT IN THE MOTION. No later than 28 days after the entry of judgment, the court, on its own, may order a new trial for any reason that would justify granting one on a party's motion. After giving the parties notice and an opportunity to be heard, the

4

court may grant a timely motion for a new trial for a reason not stated in the motion. In either event, the court must specify the reasons in its order.

## A FINDING OF FALSE ARREST / FALSE IMPRISONMENT NECESSARILY REQUIRES A FINDING OF A CONSTITUTIONAL VIOLATION

It is well-established that an arrest without probable cause violates the Fourth Amendment, see *Devenpeck v Alford*, 543 US 146, 152, 125 SCt 588, 160 L Ed 2d 537 (2004). False imprisonment is a due process claim rather than an unreasonable seizure claim. *Bracknell v Montgomery County Comm'n*, 2007 US Dist. LEXIS 23981 (MD Ala. March 29, 2007). The jury found that Plaintiff was falsely imprisoned by Simon, yet inexplicably and inconsistently found no constitutional violation, and awarded no damages. The jury's verdict evidences their confusion.

## JURY VERDICT FORM HAD NO PLACE FOR DAMAGES FOR THE STATE CLAIMS

In this case, the form of the verdict, as ultimately presented to the jury, contained no place for damages to be awarded for the state law claims – the parties had previously agreed, in chambers, and the jury was instructed, that no double recovery could be had. The original verdict form proposed by Plaintiff had a page for damages for federal claims, and then spaces for damages for each state claim. **[EXHIBIT 2 – Original Verdict Form]** However, in chambers, and at this Court's request, the damage portions were removed from the State Law Claims section in an attempt to avoid the potential for double recovery, and ironically, to avoid an issue for appeal. Presumably, the parties also contemplated that a finding of liability on any of Plaintiff's state law claims would necessarily require a preliminary finding of a Constitutional violation. Unfortunately, in this case, and inexplicably so, the jury found that Plaintiff had been falsely imprisoned and falsely arrested, but suffered no Constitutional violation, and therefore, was unable to award any damages to Plaintiff. **[EXHIBIT 3 – Jury Verdict]**

It used to be, that in the Sixth Circuit, failure to object to the jury's verdict prior to their discharge constituted a waiver. But recently, in *Paeth v Worth Twp.*, 2010 US Dist LEXIS 88136 (ED Mich Aug. 25, 2010) our own Court's David Lawson clarified the applicability of this rule:

> Neither party objected to the jury's verdict, and neither side requested a poll of the jury. The Court discharged the jury and instructed the clerk to record the verdict. The Court then inquired whether the parties believed that the verdicts should be cumulated, or whether damages on the retaliation claim were subsumed by the verdict on the procedural due process claim. The parties disagreed on the answer, and the Court ordered them to file briefs on the issue.
>
> Unfortunately, neither party's brief cites authority that addresses the precise issue before the Court. The defendant cites no pertinent authority at all and instead argues that the evidence does not support either damage award. The plaintiffs cite Federal Rule of Civil Procedure 49 and rely on *Radvansky v City of Olmsted Falls*, 496 F3d 609 (6th Cir 2007), for the proposition that a party's failure to object to a verdict that is inconsistent with special interrogatories before the jury is discharged waives the issue on review. The Court does not believe the plaintiff's authority provides guidance because the jury returned a general verdict and there were no special interrogatories.
>
> The Court's inquiry to the parties was prompted by the basic principle that "an injured party is entitled to receive full satisfaction for his injury only once." *Hageman v. Signal L. P. Gas, Inc.*, 486 F.2d 479, 487 (6th Cir. 1973). The parties had not requested a jury instruction on that point, and the Court did not give one. The verdict form called for a separate award of damages on each count. **[EXHIBIT 4]**

As in this case, there were no special interrogatories, and the jury returned a general verdict, such that, as Judge Lawson determined, the holding in *Radvansky* would have no bearing on any failure to object before jury discharge. What is notable in this case, is that the verdict form previously provided to the Court had a place for damages following each and every state law claim – in chambers, this Honorable Court requested that those portions be removed from the verdict form, because there was an entire section with a breakdown for damage allocation as it related to Plaintiff's Constitutional claims. With all of the parties and counsel in the

6

courthouse, and closing arguments about to begin, there was little to no time for further modification of the verdict form, and nobody anticipated a finding of liability on a state claim without a constitutional violation – nobody suggested the simple remedy of removing the word "unconstitutional" from question 8 in the "Damages" section.

Before closing arguments, Plaintiff's counsel did make inquiry of this Court, on the record, concerning the potential for confusion of the jury with regard to the general civil Michigan jury instruction as it related to damages and the prohibition of an award of punitive damages, yet having an instruction as to punitive damages, without further clarifying the distinction between available damage awards for state and federal claims. This Honorable Court, understandably ready to give the case to the jury, dismissed Plaintiff counsel's inquiry, indicating that is what the instruction says. Not wishing to incur the wrath of the Court, Plaintiff's counsel did not pursue the matter of any further modification of instructions. The parties are now in the position of having an inconsistent verdict, for which some remedy must lie, lest manifest injustice result from the failure to recognize and correct the inconsistency.

## A FINDING OF LIABILITY ON FALSE IMPRISONMENT WITHOUT A FINDING OF ANY CONSTITUTIONAL VIOLATION AND WITHOUT ANY AWARD OF DAMAGES IS INCONSISTENT AND PLAINTIFF SHOULD BE GRANTED ADEQUATE ADDITUR, OR A NEW TRIAL

The tort of false imprisonment is complete with even a brief restraint of the plaintiff's freedom; it is not necessary that any damage result from it other than the confinement itself. The compensatory damages that may be awarded for false imprisonment fall into two categories: general damages and special damages. General damage is a harm of a sort inseparable from the unlawful restraint. For false imprisonment, upon pleading and proving merely the unlawful interference with his liberty, a plaintiff is entitled to general damages for loss of time and humiliation or mental suffering. Items of special damage commonly include physical discomfort,

7

shock, or injury to health, loss of employment, and injury to the plaintiff's reputation or credit, and must be specifically pleaded and proven. In contrast, general damage need not be specifically proved--it may be inferred from the circumstances of the arrest or imprisonment and would include at least the value of the time lost by the plaintiff during the period of detention. *Kerman v City of New York*, 374 F3d 93 (2d Cir NY 2004). The damages recoverable for loss of liberty for the period spent in a wrongful confinement are separable from damages recoverable for such injuries as physical harm, embarrassment, or emotional suffering; even absent such other injuries, an award of several thousand dollars may be appropriate simply for several hours' loss of liberty. Thus, a verdict that a plaintiff should not receive more than nominal damages for physical injury, economic loss, or mental suffering does not foreclose a more substantial award for his loss of liberty. *Id*.

## CONCLUSION

The jury returned a verdict that evidenced confusion, was inadequate, and was inconsistent with itself, and this Honorable Court must now determine whether the jury's verdict was the result of improper methods, prejudice, passion, partiality, sympathy, corruption or mistake of law or fact, or whether the verdict was outside the limits of what reasonable minds would deem just compensation for the jury actually sustained.

WHEREFORE, Plaintiff prays that this Honorable Court, pursuant to MCR 2.611(a)(1) declare that the jury verdict was inadequate and grant additur upon the condition that within fourteen (14) days, the Defendant consent in writing to the entry of a judgment in the amount found by this Honorable Trial Court to be the lowest amount the evidence could or would support. In the alternative, Plaintiff requests that this Honorable Court, pursuant to MCR

2.611(a)(1), and FRCP 49(b)(3)(C) and FRCP 49(b)(4), declare that the jury verdict was

inadequate or inconsistent and grant a new trial.

Respectfully submitted,
ROBINSON & ASSOCIATES, P.C.
s/Racine M. Miller
Racine M. Miller  (P 72612)
Attorneys for Plaintiff
28145 Greenfield Rd., Ste. 100
Southfield, MI 48076
(248) 423-7234
attymiller@davidrobinsonlaw.com
October 11, 2010                                (P 72612)

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2010, I electronically filed the foregoing paper with

the Clerk of the Court using the ECF system which will send notification of such filing to the

following: **Jane Kent Mills**.

Respectfully submitted,
ROBINSON & ASSOCIATES, P.C.
s/Racine M. Miller
Racine M. Miller  (P 72612)
Attorneys for Plaintiff
28145 Greenfield Rd., Ste. 100
Southfield, MI 48076
(248) 423-7234
attymiller@davidrobinsonlaw.com
October 11, 2010                                (P 72612)