UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMON NATHANIEL,

    Plaintiff,

v.                                               Case No. 09-12473

CITY OF DETROIT, a Municipal           Honorable Patrick J. Duggan
Corporation, DETROIT POLICE OFFICER
BARBARA SIMON, officially and
individually, DETROIT POLICE OFFICER
IRA TODD, officially and individually, and
DETROIT POLICE LIEUTENANT
HAROLD ROCHON, officially and
individually,

    Defendants.
_____/

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on_March 31, 2011.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                      U.S. DISTRICT COURT JUDGE

On April 21, 2009, Damon Nathaniel filed this action against the City of Detroit and three employees of the Detroit Police Department, seeking damages for alleged violations of federal and state law in connection with his detention and imprisonment. Before the Court is Defendants' motion for relief from the Court's order granting additur or new trial, filed pursuant to Federal Rule of Civil Procedure 60(b). Defendants have alternatively moved for reconsideration of the Court's order, but have indicated that in the event that the

Court denies their motion, they conditionally accept an additur of twenty thousand dollars ($20,000.00). The matter has been fully briefed, and the Court dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f). For the reasons stated below, the Court denies Defendants' motions. The Court is satisfied that the conditions of Defendants' acceptance of additur have been satisfied, and accordingly, enters judgment of twenty thousand dollars ($20,000.00) against Defendant Simon.

## I. Factual and Procedural Background

This case arose from the murder of an individual with whom Plaintiff had once lived. The police believed that Plaintiff may have been involved in the murder and wished to question him. Detroit Police Detective Barbara Simon learned that Plaintiff had an outstanding warrant for a traffic offense and requested that the Violent Crimes Task Force arrest him so that he might be questioned. Plaintiff was held at the police precinct for about eight hours until Simon returned to question him. He eventually "confessed" to and was charged with the murder. Wayne County Circuit Court Judge Timothy Kenny ruled that the confession could not be used because of a violation of Michigan's interim bond statute. After the results of DNA evidence testing became available, the prosecutor moved to dismiss the case against Plaintiff. Plaintiff, who had been imprisoned for approximately eight months at that time, was then released.

Plaintiff filed this action to recover damages for alleged violations of his rights in connection with his detention and imprisonment. After a five-day trial, the jury found for Plaintiff only on his state law false imprisonment claim and awarded no damages. The Court entered judgment accordingly, and Plaintiff moved for additur, or in the alternative,

a new trial.  Defendants did not respond to Plaintiff's motion.

In reviewing Plaintiff's motion, the Court noted that the portion of the verdict form where the jury was to insert damages asked whether the Plaintiff had suffered damage as a result of "defendants' *unconstitutional* conduct." (emphasis added).  The Court concluded that this language could reasonably have caused the jury to fail to assign damages on the state law false arrest / false imprisonment claim.  In his motion, Plaintiff consented to an award in the lowest amount that the evidence could support.  Because the jury could have reasoned that Plaintiff's "confession" supported a finding of probable cause to believe Plaintiff committed the murder, ending his false imprisonment, the Court determined that the lowest award supported by the evidence was twenty thousand dollars.  On February 14, 2011, the Court issued an Opinion and Order indicating its intent to grant Plaintiff's motion for a new trial unless Defendants consented to an "additur" of twenty thousand dollars within fourteen days.

Defendants responded by filing a motion seeking relief from the Court's order, or in the alternative, reconsideration of the order.  Defendants contend that their failure to respond to Plaintiff's motions was the result of counsel's neglect, and this Court should grant relief from its order in the interest of fairness.  Alternatively, Defendants request reconsideration of the order, arguing that the Court erred in concluding that an additur of twenty thousand dollars was appropriate.  Defendants indicated that in the event that the Court denies their motion, they would consent to additur in the amount of twenty thousand dollars, assuming that this does not entitle Plaintiff to punitive damages, attorney's fees, or other costs attributed to the federal civil rights claim, and assuming that Plaintiff waives

3

any right of appeal.

## II. Defendants' Motion for Relief From Judgment

Federal Rule of Civil Procedure 60(b)(1) provides that the Court may relieve a party from "a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." "The stated test for finality under Rule 60(b) . . . is whether the judgment is appealable." *United States v. Baus*, 834 F.2d 1114 (1st Cir 1987); 12 Moore's Federal Practice § 60.23 (Matthew Bender 3d ed.).

The order from which Defendants seek relief is not a final order subject to challenge under Rule 60(b). The Sixth Circuit Court of Appeals has held that "a district court order giving the plaintiff a choice between remittitur or a new trial is not a final, appealable order," as the matter remains open until the plaintiff elects one of his options. *Anderson v. Roberson*, 249 F.3d 539, 542 (6th Cir. 2001). Though *Anderson* addressed a remittitur rather than an additur, the same principle applies. The Court's order gave Defendants a choice, and was not a final, appealable order. Thus, Defendants cannot challenge the order under Rule 60(b).

## III. Defendants' Motion for Reconsideration

The Court grants a motion for reconsideration only if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(h)(3). A "palpable defect" is one that is "obvious, clear, unmistakable, manifest, or plain." *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001). "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by

4

the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3). The purpose of a motion for reconsideration is not "to give an unhappy litigant one additional chance to sway the judge." *Pakideh v. Ahadi*, 99 F. Supp. 2d 805, 809 (E.D. Mich. 2000) (quoting *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977)).

Defendants argue that an additur of twenty thousand dollars is excessive. The Court reached its conclusion after hearing the evidence presented at trial concerning Plaintiff's detention and imprisonment.[1] Although reasonable minds could disagree as to the precise amount of damages justified by Plaintiff's false imprisonment, the Court is not convinced that its finding was the result of palpable error. The Court therefore denies Defendants' motion for reconsideration.

### IV. Defendants' Conditional Acceptance of Additur

Defendants specify the conditions upon which they consent to additur in their brief supporting the motion for relief from order granting additur or new trial:

> Defendants will, consistent with the Court's order, agree to consent to additur in the amount of twenty thousand dollars ($20,000.00) on the state court false arrest / false imprisonment claim under the assumption that said count does not entitle Plaintiff to the award of any punitive damages, attorney's fees, or other costs attributable to the federal civil rights claim and on the condition that Plaintiff waives any right of appeal.

Defs.' Br. filed 2/17/11 at 15. For the reasons stated below, the Court finds that Defendants' conditions have been satisfied, and therefore, concludes that Defendants have

---

[1] The Court does not agree with Defendants' conclusion that damages should <u>necessarily</u> be limited to the "7-8 hour long detention." Defs.' Br. filed 2/17/11 at 7. The finder of fact could have determined from the evidence presented that, if Plaintiff had not been falsely arrested, there would have been no confession, and thus, no eight-month detention.

consented to additur.

Plaintiff's success on the state law false arrest / false imprisonment claim does not entitle him to punitive damages, attorney's fees, or costs attributable to his federal civil rights claim.  While a plaintiff may obtain relief based on a federal civil rights claim even though he prevails on other grounds, such relief is available only where 42 U.S.C. § 1983 "would have been an appropriate basis for relief."  *Consol. Freightways Corp. v. Kassel*, 730 F.2d 1139, 1141-42 (8th Cir. 1984).  Plaintiff cannot assert that relief under § 1983 would have been proper here.  Section 1983 plaintiffs must demonstrate the deprivation of a right secured by federal law, *see Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010), but the jury only found a violation of Plaintiff's rights under state law.  Plaintiff is therefore not entitled to relief concerning his federal civil rights claims.

Defendants' condition that Plaintiff waive the right to appeal is, in this Court's opinion, a moot point, as the Court believes that Plaintiff has no basis for an appeal.  Plaintiff consented to an award in the lowest amount supported by the evidence as found by this Court, and reserved no right to object to such an award.  Pl.'s Mot. Additur ¶ 4.  As Plaintiff sought additur and consented to the Court's determination of damages, it would appear that Plaintiff has no basis to appeal.[2]

### V. Conclusion

Because the conditions set forth by Defendants in their conditional acceptance of

---

[2] Plaintiff has filed a response to Defendants' motion for relief from order or motion for reconsideration [Dkt. #67] in which Plaintiff argues that Defendants are not entitled to relief due to their failure to timely respond to Plaintiff's motion.  But Plaintiff does not challenge the amount of the additur.

additur have been satisfied, the Court will enter judgment against Defendant Simon in the amount of twenty thousand dollars ($20,000.00).

Accordingly,

**IT IS ORDERED** that Defendants' Motion for Relief from Order Granting Additur and/or New Trial is **DENIED**;

**IT IS FURTHER ORDERED** that Defendants' Motion for Reconsideration is **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Additur is **GRANTED** in the amount of twenty thousand dollars ($20,000.00);

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend Judgment is **GRANTED**, and a revised judgment consistent with this Opinion and Order shall issue.

        s/PATRICK J. DUGGAN
        UNITED STATES DISTRICT JUDGE

Copies to:

David A. Robinson, Esq.
Racine M. Miller, Esq.
Jane Kent Mills, Esq.